**Tom T. POLLARD, Appellant,**

v.

**STATE of Texas et al., Appellees.**

**No. 5149.**

Court of Civil Appeals of Texas, Waco.

Aug. 10, 1972.

Rehearing Denied Sept. 14, 1972.

Phillips & Norris, Robert W. Norris, Austin, for appellant.

Crawford C. Martin, Atty. Gen., David R. Thomas, Asst. Atty. Gen., Dallas, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Pollard from take nothing judgment against defendant State of Texas, in a suit to reform or void six deeds.

The State in 1959 purchased from the owners fee simple title to portions of Lots 1, 2, 3, 4, 5, and 6 of Caldwells Addition to the City of Dallas, to provide right of way for Interstate Highway 20. Such deeds also granted the State the rights of direct access from the remainders of the six lots to the Highway. The Highway was completed and opened to the public in 1963. In 1964 plaintiff purchased from the then owners, the remainders of the six lots. Plaintiff then requested the State Highway Commission to grant him access from the remainders to I H 20, which request was denied. Plaintiff then filed this case seeking reformation of the six deeds to the State to eliminate therefrom the conveyance to the State of the right of access from the remainders of the six lots, and alternatively sought to have the deeds set aside because of alleged defective acknowledgments.

Trial was before the court which found:

1) Interstate Highway 20 was a Controlled Access Highway, constructed at a new location.

2) The State secured general warranty deeds in 1959 from six owners for the right of way, of a portion of lots 1, 2, 3, 4, 5, and 6 of Caldwells Addition to the City of Dallas, which deeds were duly recorded.

3) Such deeds conveyed to the State all rights of direct access from the remaining portions of such lots to I H 20, and such provisions were not placed in the deeds by mutual mistake.

4) Plaintiff acquired the remaining portions of lots 1, 2, 3, 4, 5, and 6 in 1964.

5) Plaintiff acquired such remaining portions of such lots with actual knowledge and notice that the right of direct access was denied from such remaining portions to I H 20.

6) The acquisitions by State of the rights of direct access to I H 20 from the remaining portions of such lots were not arbitrary, capricious or fraudulent acts on the part of the State, and said acquisitions were necessary to preserve and protect the safety of the traveling public in the use of I H 20.

The trial court decreed plaintiff take nothing.

Plaintiff appeals on 6 points contending:

1) The trial court erred in holding plaintiffs not entitled to repurchase the rights of access to the frontage road adjacent to lots 1, 2, 3, 4, 5, and 6, from the Texas Highway Department, as there is no evidence, or no substantial evidence which would warrant the Highway Department to refuse plaintiff's request, and the evidence shows the safest and best means of access to plaintiff's property is from the frontage road adjacent to I H 20.

2) The trial court erred in holding that acquisition of the rights of direct access from lots 1, 2, 3, 4, 5, and 6 was not arbitrary or capricious, but proper for the protection and safety of the traveling public, as there is no substantial evidence to support such finding.

3) The trial court erred in holding that the deed to lot 6 was properly executed, acknowledged and delivered, as there is no evidence to support such finding; and the overwhelming preponderance of the evidence is that such deed was not properly acknowledged by Mrs. Hill, although the property was the homestead of Mr. and Mrs. Hill.

■ Contention 1 asserts the trial court erred in holding plaintiff not entitled to repurchase the rights of access from lots 1 thru 6, from the State; and contention 2 asserts the trial court erred in holding that acquisition by the State of the rights of direct access from such lots was not arbitrary or capricious.

The State acquired portions of lots 1 thru 6, together with the right of access from the remainder to I H 20 by deeds in 1959. Plaintiff purchased the remainders of such lots in 1964, with actual knowledge that the remainders did not have right of direct access to the highway. Plaintiff requested the Highway Commission to grant him access, which request was denied. Article 6674w–1 Vernon's Ann.Tex.St. provides: "Along new Controlled Access State Highway locations, abutting property owners shall not be entitled to access to such new Controlled Access State Highway locations as a matter of right * * *."

Contentions 1 and 2 are without merit.

Contention 3 asserts the deed to lot 6 was not properly acknowledged by Mrs. Hill, one of the grantors to the State, although such lot was the homestead of Mr. and Mrs. Hill. Plaintiff contends the deed to the State from Mrs. Hill did not convey her interest, and since he has secured a quit-claim deed from Mrs. Hill to her interest, that he is the owner of lot 6, together with right of access from lot 6 to I H 20.

Mr. and Mrs. Hill deeded a portion of lot 6, together with access rights, to the State in 1959 for a consideration of $7,154. The deed shows the acknowledgment of Mr. and Mrs. Hill to be in correct form; and the deed was recorded in 1959. Thereafter Mr. and Mrs. Hill moved off lot 6, abandoning their homestead rights (if any) in the property. In 1963 they deeded the remainder of lot 6 to a Mr. Stanford, specifically recognizing the 1959 conveyance to the State. Thereafter plaintiff secured a quit-claim deed to the property from Mrs. Hill.

■ Mrs. Hill testified by deposition taken in 1971 (at which time she was 70 years old and in poor health) that Mr. Brandon the notary did not take her acknowledgment separate and apart from her husband. Mr. Brandon testified that he was the notary; that he always in taking the acknowledgment of married women, took such privily and apart from their husband, but that he had no independent recollection of the Hill deed.

While we think the trial court authorized to believe and find that the notary did properly take Mrs. Hill's acknowledgment, in any event Mr. and Mrs. Hill ratified the deed to the State in their 1963 conveyance of the remainder of lot 6 to Mr. Stanford, and plaintiff had knowledge and notice of such deed.

■ Moreover the Hills moved off the property after deeding it to the State in 1959. In such situation even if Mrs. Hill's acknowledgment was improperly taken, the deed was ineffectual only as long as the Hills continued to occupy the property as their homestead. Sullivan v. Barnett, Tex., 471 S.W.2d 39.

All plaintiff's points have been considered and are overruled.

Affirmed.